IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO



FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

05 JAN 31 PM 4: 34

CLERK-ALBUQUERQUE

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

vs.

NO. 04CV0943 RB/WDS
NO. 03CR2152 RB

MARIA PETRA MACIAS-LOPEZ,

Defendant/Movant

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This is a Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 by Maria Petra Macias-Lopez (Macias), an inmate of FCI-Pleasanton, Dublin, CA. Macias is acting *pro se*. Respondents filed a response in opposition to the motion, including the transcripts of Macias' October 29, 2003 plea hearing and January 7, 2004 sentencing hearing. The Court has also reviewed Macias' pre-sentence report. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds the Motion should be denied. Because the issues are resolved on the pleadings, and the record establishes conclusively that Macias is not entitled to relief, an evidentiary hearing is not necessary. 28 U. S. C. §2255; *Trice v. Ward* 196, F. 3d 1151, 1159 (10th Cir. 1999), cert. denied, 531 U. S. 835 (2000). The court makes the following findings and recommended disposition..

---

[1] Within ten (10) days after a party is seved with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.



## CLAIMS

Macias claims that she was denied effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution as a result of defense counsel's failure to adequately advise her regarding the consequences of her guilty plea. Specifically, she objects to the 16 level sentence enhancement that she received on account of her earlier state conviction for a violent felony. She argues that her defense counsel should have done something either at her plea hearing or at her sentencing to eliminate that enhancement. She also claims that her sentence was enhanced in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

### Factual and Procedural Background.

Movant is a native of Mexico. On February 19, 2001 she was convicted of Attempt to Commit Child Abuse and Battery of a Peace Officer, both aggravated felonies. She was removed from the United States on August 13, 2001. She returned to the United States without getting permission to do so. She was apprehended on September 1, 2003 by Las Cruces Border Patrol agents.

The defendant, through her attorney, provided the following written statement for acceptance of responsibility:

> I returned to the U.S. on September 1, 2003 without first getting legal permission to do so. I was deported on August 13, 2001 because of my felony. I returned because my life and family are here. I apologize for the trouble I have caused.

(Pre-Sentence Report, p. 2) A plea hearing was held on October 29, 2003 before the Honorable Leslie C. Smith. There was no plea agreement offered to the Movant. (Plea Hearing Tr. 3) Macias was represented by counsel. Macias pled guilty to Reentry of a Deported Alien Previously Convicted of an Aggravated Felony, 8 U.S.C. §1326(a)(1) and 8 U.S.C. §1326(b)(2). (Plea Hearing, Tr. 9, 21)

Macias was sentenced on January 7, 2004, before the Honorable Robert C. Brack. The base

offense level was 8 under the sentencing guidelines, 2L1.2(a). However, under 2L1.2(b)(1)(A) the base level was enhanced by 16 levels due to the prior conviction for a violent felony. Accordingly, the adjusted offense level was 24. Macias received a three level adjustment for acceptance of responsibility, resulting in a final offense level of 21 and a sentencing range of 46 to 57 months. Had Macias been found guilty at trial she would have faced a sentencing range of 63 to 78 months. Macias was sentenced to 46 months incarceration, the lowest possible under the applicable guidelines.

## STANDARD OF REVIEW

Since Macias is in federal custody pursuant to the judgment of a federal court, 28 U.S.C. §2255 applies. A district court may grant relief under § 2255 only if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. Petitioner's claim of ineffective assistance of counsel, if proved, would constitute a denial or infringement of her constitutional rights.

### Ineffective Assistance of Counsel

Petitioner's allegations are correctly styled as an ineffective assistance of counsel claim. The merits of an ineffective counsel claim are squarely governed by *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). In *Strickland*, 466 U.S. at 686-87, the Supreme Court devised a two-step inquiry to determine whether a lawyer's poor performance deprived an accused of his Sixth Amendment right to assistance of counsel. In order to establish an ineffective assistance claim, the petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced [his] defense." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999), cert. denied, 529 U.S. 1027 (2000). To establish deficient performance, Macias must

show that his attorney made "errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment," *Williams v. Taylor*, 529 U.S. 362, 390, 146 L. Ed. 2d 389, 120 S. Ct. 1495 (2000), quoting *Strickland*, 466 U.S. at 687; and that his legal "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. To establish prejudice, Macias "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

The prejudice component focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Williams*, 529 U.S. at 393, FN17, citing *Strickland* 466 U.S. at 687, and *Kimmelman v. Morrison*, 477 U.S. 365, 374, 393, 91 L. Ed. 2d 305, 106 S. Ct. 2574 (1986); see also *Lockhart v. Fretwell*, 506 U.S. 364, 369, 122 L. Ed. 2d 180, 113 S. Ct. 838 (1993). It is entirely appropriate for a habeas court to analyze the prejudice prong first and exclusively, if that is the easier course. *E.g. Scoggin v. Kaiser*, 186 F.3d 1203, 1207 (10th Cir. 1999).

The essence of Petitioner's ineffective assistance of counsel claim appears to be that counsel failed to prevent the 16 level enhancement of her offense level at sentencing. Macias is not claiming innocence of the reentry charge, or that she was improperly induced to plead guilty in lieu of going to trial. There is little question that a trial would have resulted in a finding of guilt, the loss of the three level adjustment for acceptance of responsibility, and a sentence less favorable to Macias than the one imposed.

As an initial matter, the court observes that Petitioner's motion contains briefing material that evidently was prepared for or by an individual other than Petitioner, or for a case other than Petitioner's. For example, Petitioner alleges error under Rule 11 in reference to a "plea agreement"

and the information contained within said agreement. (Docket #1, p. 5) However, there was no plea agreement in this case. (Plea Hearing, Tr. 3; Sentencing Hearing, Tr.3) Petitioner also claims that her pre-sentence report contained erroneous information, that she pointed out this information to her counsel, and that counsel assured her that it would be taken care of. (Docket #1, p. 14) Petitioner's brief suggests that these discrepancies related to the quantity of drugs involved in the crime and her relationship with co-defendants. Id. Petitioner was not charged with a drug crime, nor did she have co-defendants. On the other hand, Petitioner also argues that she never saw her pre-sentence report. (Docket #7, p. 4) It is apparent to the court that Petitioner's briefs contain material prepared for a case other than Petitioner's. The court does not condone such practice. However in view of Petitioner's *pro se* status and the fact that she has limited skills in the English language, the Court has endeavored to look beyond the canned, and frequently conflicting, allegations in Petitioner's papers to determine whether there is any merit to her claims.

1. Petitioner's Guilty Plea Under Rule 11

Having reviewed the entire file, the court finds no violation of Rule 11 that reaches the level of a constitutional violation. On Page 6 of Petitioner's reply brief she all but admits that her dissatisfaction is not with the underlying plea, but with the 16 level sentence enhancement arising from her prior conviction: "In this case petitioner never agreed to the sixteen level enhancements for a conviction that she had paid before. In this case defendant pled guilty to the charge on the offense committed. In doing so, she admitted her guilt." Petitioner has not argued that she is actually innocent of the underlying reentry charge. Petitioner does argue at times that her defense counsel acted improperly by "threatening" her that she would end up serving more time in jail if she did not plead guilty. Of course, had petitioner not pled guilty and instead gone to trial, she would have lost her three level credit for cooperation and acceptance of responsibility. There is every reason to

believe that she would have been found guilty at trial, and at sentencing she would have faced an additional 17 months of incarceration at the low range of the sentencing guidelines. Defense counsel was not "ineffective" when he properly advised Petitioner of the probability of additional prison time if she took her case to trial.

A review of the transcript of the October 29, 2003 plea hearing reveals the following. Macias was advised by the court of the nature of the charges against her, namely that she had been removed from the United States following her conviction for the aggravated felony of Battery on a Police Officer, and had subsequently reentered the United States without obtaining the permission of the Attorney General. (Tr. p. 9) Macias was advised that she could plead "not guilty" at any time. (Tr. p. 11) She affirmed that she had discussed the case with her lawyer, was pleased and satisfied with her lawyer, and had no complaints about her lawyer. (Tr. p. 11) She stated that her guilty plea was voluntary, that she had not been threatened, and was pleading guilty of her own free will. (Tr. p. 13) The court advised Macias that she would not know her applicable sentencing guideline range until she received the pre-sentence report, and that her actual sentence could be higher or lower than any sentence she had discussed with her lawyer, (Tr. p. 16) and that there would be no parole or early release. (Tr. p. 17) Further, after hearing a summary of the proof that would be offered against her if the case went to trial, Macias acknowledged that she had been previously removed from the United States and subsequently reentered the country without permission, and that she wanted to plead guilty. (Tr. p. 22)

Applying the *Strickland* standards, the court can find no instance where defense counsel's performance in connection with the plea hearing was deficient, let alone "below an objective standard of reasonableness." Further, for Petitioner to prevail under the "prejudice" prong of *Strickland*, the court would have to find a reasonable probability that but for the purported deficiency of defense

counsel, Petitioner would not have pleaded guilty and would have proceeded to trial. The court is unable to find any basis for such a determination, and notes that Petitioner has not argued that her preference would be to vacate her guilty plea and proceed to trial on the reentry charge. Petitioner's arguments relating to her plea of guilty are not well taken and her petition should be denied.

2. Petitioner's Arguments Related to Her Sentencing, Rule 32 and the Presentence Report.

It is apparent that the crux of Macias' petition is her objection to the fact that her previous felony conviction triggered a 16 level enhancement under the sentencing guidelines. She argues that her attorney was ineffective for failing to eliminate the enhancement. First, Macias argues that her attorney failed to find "mitigating factors" to reduce her sentence. (Docket # 7, p. 1) However, Macias has identified no such mitigating factors. She was sentenced at the lowest end of the guideline imprisonment range. (Sentencing Hearing, Tr. p. 5-6) The only way to further reduce the sentence would be to eliminate the prior felony conviction, and, again, Macias has not argued that she was not so convicted.

Macias argues that there was "false" information in the pre-sentence report that her attorney failed to rebut. (Docket #7, p. 5) The information she claims should have been rebutted was the fact of her earlier conviction. Id. However, Macias is not claiming that she did not have a prior felony conviction, only that she had "paid already" for that conviction and that it should not have been used against her. (Docket #7, p. 5) In addition, Macias claims that the court was required to provide a summary of the information relied upon for sentencing, but did not do so. (Docket #7, p. 5) Again, this claim is not supported by the record. The previous conviction was noted by the court at the plea hearing (Plea Hearing Tr. 9, 21) and was the primary point of discussion at the sentencing hearing. (Sentencing Hearing, Tr. 2-5) Defense counsel was aware of the circumstances underlying the previous conviction (Sentencing hearing, Tr. 2-3), indicating that he had discussed it with his client.

Defense counsel denied that there were problems with the pre-sentence report. (Sentencing hearing, Tr. 2) Macias has acknowledged that she had an interpreter while meeting with her attorney. (Docket #7, p. 4) Nor has Macias disputed the fact of the prior conviction, either in her petition or at the sentencing hearing. (Sentencing Hearing, Tr. 4)

In short, Petitioner's argument regarding "ineffective assistance of counsel" in connection with her sentencing boils down to the claim that the 16 level enhancement for prior violent felonies is too harsh (i.e., penalizes her for a crime she "has already paid for"), or that it simply should not have been applied to her in this instance. This court finds that the relative harshness of a particular sentencing guideline is, as a matter of law, beyond the control of defense counsel and not the proper subject of an ineffective assistance of counsel claim. This court further finds no evidence in the file, and no argument by Petitioner, that she did not have a prior conviction for a violent felony. Accordingly, under the *Strickland* test, there is no evidence that counsel's performance at the sentencing hearing was deficient, let alone "below an objective standard of reasonableness." Further, Petitioner could not prevail under the prejudice prong of *Strickland* given the non-discretionary nature of the Sentencing Guidelines. Defense counsel was successful in having Petitioner sentenced at the lowest end of the imprisonment range. Beyond that he could do no more. For that reason, Petitioner's objections to counsel's "refusal" to proceed with an appeal also fail, although the court notes that Petitioner was advised by the sentencing court that she was free to file an appeal of her sentence within ten days of the entry of the judgment. (Sentencing Hearing, Tr. 6) Petitioner's arguments relating to her sentencing hearing are not well taken and should be denied.

3. Petitioner's Arguments Under Apprendi

Petitioner's reply brief included a generic brief raising issues under the *Blakely* and *Apprendi* decisions. Although these arguments were not raised in the initial petition, the court has considered

whether they provide an avenue of relief to Macias. They do not. *Apprendi v. New Jersey*, 530 U.S. 466 (2000) held the following: *"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id.* at 490. (emphasis supplied) In this case, the only factor for sentence enhancement was the fact of Macias' prior conviction. The sentencing court did not make any factual findings that, under *Blakely*, should have been made by a jury. Petitioner's argument is not well taken and should be denied.

4. Denial of Evidentiary Hearing.

Petitioner has the burden of establishing the need for an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) Under §2255, there is a right to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §2255; *see also, United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) A hearing is not required when a defendant's allegations of fact supporting his or her claims are conclusory and unsupported by the record, are shown to be meritless, or are "affirmatively contradicted" by the files and record. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) An evidentiary hearing on a claim of ineffective assistance of counsel is required only if the factual allegations, if true, would meet both prongs of the *Strickland* test.

For the reasons stated above, the court finds that Petitioner has not made a colorable showing that her counsel was inadequate in any way, let alone that his performance fell below an objective standard of reasonableness. Nor has Petitioner identified any steps that her counsel could have taken to change the length of her sentence, other than to revise or eliminate the sentence enhancement provisions of the United States Sentencing Guidelines. Accordingly, she can meet neither prong of the *Strickland* test and an evidentiary hearing is not necessary.

## RECOMMENDED DISPOSITION

The court recommends that the Macias' Motion Pursuant to 28 U. S. C. §2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody filed August 17, 2004 be DISMISSED. Timely objections to the foregoing may be made pursuant to 28 U. S. C. § 636 (b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendation with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendation. If no objections are filed, no appellate review will be allowed.

W. DANIEL SCHNEIDER
United States Magistrate Judge